**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

JOSEF WHITE,                          )
                                       )
      Plaintiff,                  )
                                       )
      v.                        )     No.   17-cv-62120
                                       )
FBCS, INC.,                     )
                                       )
      Defendant.                )

## PLAINTIFF'S COMPLAINT

Plaintiff, JOSEF WHITE ("Plaintiff"), through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, FBCS, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

### JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

5. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

7.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8.  Plaintiff is a natural person residing in Fort Lauderdale, Broward County, Florida.

9.  Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

10. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

11. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a collection agency headquartered in Hatboro, Pennsylvania.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

2

20. Within the past year of Plaintiff filing this complaint, Defendant has called Plaintiff on Plaintiff's cellular telephone, ending in 0075, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 954-628-5461, which is one of Defendant's telephone numbers.

22. On multiple occasions since Defendant began calling Plaintiff, Plaintiff has spoken with Defendant's collectors.

23. On one occasion since Defendant began calling Plaintiff, Plaintiff requested that Defendant communicate with him only in writing.

24. Despite this request, Defendant continued to place collection calls to Plaintiff.

25. On another occasion since Defendant began calling Plaintiff, Plaintiff informed Defendant that Plaintiff cannot speak to Defendant unless Defendant sent validation of the alleged debt in writing.

26. Despite Plaintiff's request, Defendant never sent Plaintiff validation of the alleged debt in writing and continued to call Plaintiff's in an attempt to collect on the alleged debt.

27. On one occasion since Defendant began calling Plaintiff, Plaintiff requested that Defendant disclose Defendant's company name.

28. Despite Plaintiff's request, Defendant's representative refused to disclose his identity to Plaintiff or state that he was calling from FBCS, Inc.

29. Defendant's representative was working within the scope of his employment when he communicated with Plaintiff.

30. Defendant's representative is familiar with the FDCPA.

31. Defendant's representative knows the FDCPA requires debt collectors to identify the company's name when communicating with Plaintiff.

3

32. When Plaintiff answered Defendant's calls, he was greeted with "dead air" whereby no person was on the other end of the line.  After several seconds, an agent was connected to the automated call, then greeted Plaintiff and sought to speak with Plaintiff in an attempt to collect an alleged debt.

33. On several occasions, Defendant has left automated voicemail messages for Plaintiff on Plaintiff's cellular telephone.

34. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

35. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

36. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

37. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

38. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

39. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

40. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

41. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

42. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to call stored telephone numbers automatically.

43. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

44. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

45. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

46. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

47. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

48. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

49. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

50. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;

    b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;

    d. Impermissibly occupying minutes, data, availability to answer another call, and

various other intangible rights that Plaintiff has as to complete ownership and use

of her cellular telephone; and

e.  Causing Plaintiff to expend needless time in receiving, answering, and attempting

to dispose of Defendant's unwanted calls.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Defendant violated the FDCPA based on the following:

a.  Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or

engaging a person in telephone conversation repeatedly or continuously with intent

to annoy, abuse, or harass any person at the called number, when Defendant

continued to place collection calls to Plaintiff after Plaintiff requested for

Defendant to only communicate with him in writing;

b.  Defendant violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without

meaningful disclosure of the caller's identity when Defendant's representative

refused to identify the company's name as FBCS, Inc. while communicating with

Plaintiff; and

c.  Defendant violated § 1692(g)(a) of the FDCPA by failing to send Plaintiff a written

notice of Plaintiff's debt containing the information in 1692(g)(1)-(5).

WHEREFORE, Plaintiff, JOSEF WHITE, respectfully requests judgment be entered

against Defendant, FBCS, INC., for the following:

52. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15

U.S.C. § 1692k.

53. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

15 U.S.C. § 1692k.

54. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE FLORIDA CONSUMER COLLECTION**
**PRACTICES ACT**

49. Plaintiff repeats and re-alleges paragraphs 1-50 of Plaintiff's Complaint as the allegations

in Count II of Plaintiff's Complaint.

50. Defendant violated the FCCPA based on the following:

    a.  Defendant violated the § 559.72(7) of the FCCPA by willfully engaging in conduct

which can reasonably be expected to abuse or harass the debtor, when Defendant

continued to place collection calls to Plaintiff after Plaintiff requested for

Defendant to only communicate with him in writing; and

    b.  Defendant violated the § 559.72(15) of the FCCPA by refusing to provide adequate

identification of herself or himself or her or his employer or other entity who she

or he represents when requested to do so by a debtor from who she or he is

collecting or attempting to collect a consumer debt, when Defendant's

representative refused to identify the company's name as FBCS, Inc. while

communicating with Plaintiff.

WHEREFORE, Plaintiff, JOSEF WHITE, respectfully requests judgment be entered

against Defendant, FBCS, INC., for the following:

51. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices

Act, Fla. Stat. § 559.77.

52. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77.

53. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2).

54. Any other relief that this Honorable Court deems appropriate.

**COUNT III**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

46. Plaintiff repeats and re-alleges paragraphs 1-50 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

47. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, JOSEF WHITE, respectfully requests judgment be entered against Defendant, FBCS, INC., for the following:

48. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).

49. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

50. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

51. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

October 30, 2017                                    By:/s/ Shireen Hormozdi

Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff

9